1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FRANCES J. ROUDEBUSH,

11              Plaintiff,                          No. CIV S-08-1653 DAD

12        v.

13   MICHAEL J. ASTRUE,
     Commissioner of Social Security,              ORDER
14
                Defendant.
15   _____/

16           This Social Security action was filed in the United States District Court for the

17   District of Nevada in March 2008.  After defendant answered the complaint and lodged the

18   administrative record, the action was transferred to the Eastern District of California by

19   stipulation and order.  Upon the opening of this case on July 18, 2008, chambers staff requested

20   that the Clerk obtain the administrative record, which had been lodged in the Nevada court in

21   paper format.  The docket reflects that the record has now been received, and defendant recently

22   served a copy on plaintiff's counsel.  By this order the court addresses the status of the case.

23           Except as otherwise provided in the Local Rules of Practice, "only members of

24   the Bar of this Court shall practice in this Court."  Local Rule 83-180(b).  The docket indicates

25   that plaintiff's counsel has not been admitted to practice in this court and has not filed an

26   application to appear pro hac vice, as permitted by Local Rule 83-180(b)(2).  In order to proceed

1

1   in this matter, plaintiff's counsel must be admitted to practice or to appear <u>pro</u> <u>hac</u> <u>vice</u> in this

2   court and must also comply with the court's e-filing registration requirements.  <u>See</u> Local Rules

3   5-133(a) & 83-180(f).

4           At case opening, the Clerk issued two standard orders.  Pursuant to the Scheduling

5   Order (Doc. No. 2), plaintiff is required to file a motion for summary judgment and/or remand

6   within 45 days from being served with a copy of the administrative record, unless plaintiff

7   submits new evidence with a request for voluntary remand to the Office of the Regional

8   Counsel.[1]  The 45-day period began to run on the date on which defendant served a copy of the

9   administrative record on plaintiff's counsel.  Pursuant to the Order re Consent or Request for

10  Reassignment (Doc. No. 2, Attach. 2), all parties were granted 90 days to complete and return a

11  form either consenting to proceed before the assigned magistrate judge or requesting the

12  assignment of a district judge.  In order to comply with these orders, plaintiff's counsel must take

13  the steps required to enable him to practice or appear <u>pro</u> <u>hac</u> <u>vice</u> in this court and to file

14  documents electronically.

15          Accordingly, IT IS ORDERED that plaintiff's counsel is granted twenty days to

16  seek admission to practice or admission to appear <u>pro</u> <u>hac</u> <u>vice</u> in this court or, in the alternative,

17  to substitute other counsel or plaintiff <u>in</u> <u>propria</u> <u>persona</u> as plaintiff's attorney of record.

18  DATED: September 17, 2008.

19

20  _____
    DALE A. DROZD
21  UNITED STATES MAGISTRATE JUDGE

22  DAD:kw
    Ddad1/orders.socsec/roudebush1653.order
23

24  _____

25      [1]  The Scheduling Order also set deadlines for service of process and the filing of an
    answer and the administrative record.  Those deadlines do not apply to this case because plaintiff
    completed service of process and defendant filed an answer and the administrative record before
26  the case was transferred.